IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4243-L** |
| | § | |
| **FILOMENO GARCIA,** | § | |
| **VERONICA GARCIA, AND ALL** | § | |
| **OCCUPANTS OF 1301** | § | |
| **WESTMORELAND ROAD,** | § | |
| **RED OAK, TEXAS 75154,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed November 19, 2012. After carefully

reviewing the motion, Defendants' response, record, and applicable law, the court **grants** Plaintiff's

Motion to Remand.

### I.      Background

This action arises from a forcible detainer eviction proceeding originally filed on March 29,

2012, in Justice Court, Precinct No. 4, Place No. 1, Ellis County, Texas, by JPMorgan Chase Bank,

N.A. ("Plaintiff") against Defendants Filomeno Garcia, Veronica Garcia, and All Occupants of 1301

Westmoreland Road, Red Oak, Texas, 75154 (collectively, "Defendants").  As noted by Plaintiff,

judgment in the original action was entered against Defendants on April 9, 2012.   Defendants

appealed the judgment entered by the justice court to County Court at Law No. 1, Ellis County,

Texas, which entered a final judgment against Defendants on October 22, 2012, awarded Plaintiff

possession of the premises at issue, and stated that Plaintiff would be entitled to a writ of possession

**Memorandum Opinion and Order – Page 1**

ordering any constable to remove Defendants from the premises if Defendants failed to vacate the premises by October 29, 2012.

Before the final judgment was entered by the Ellis County Court at Law, Defendants, who are proceeding *pro se*, removed the action to federal court on October 19, 2012, based on federal question and diversity jurisdiction. Plaintiff moved to remand on November 19, 2012, contending that the court lacks federal question jurisdiction because the state forcible detainer claim was the only claim asserted by it in the original action. Plaintiff argues that it is clear from face of its Complaint for Forcible Detainer ("Complaint") in the original action that only a state claim for forcible detainer was asserted, and that Defendants cannot create federal question jurisdiction by raising a constitutional issue in their Notice of Removal ("Notice"). Plaintiff further asserts that given the procedural posture of the case and appeal, removal was untimely because Defendants did not remove the action within 30 days of receipt of the initial pleading in the original action, and after they appealed the matter to the county court.

Defendants respond that removal was proper and federal question jurisdiction exists because the Ellis County Court at Law violated the United States Constitution, and in particular the Fifth Amendment, when it entered a final judgment in favor of Plaintiff after Defendants removed the case to federal court. Defendants contend that the state court's final judgment constitutes a "taking without due process." Defendants therefore contend that there is a federal constitutional issue imbedded in the detainer action. In addition, Defendants contend that removal based on diversity is proper because Defendants filed their Notice within the one-year limit for removing a case based on diversity.

**Memorandum Opinion and Order – Page 2**

## II.    Standard for Subject Matter Jurisdiction

### A.    General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### B.    Federal Question

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff

pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.)  This, of course, is not the only manner in which federal question jurisdiction arises.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted).  This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14.  Under *Grable*, federal question  jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008).  In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

**Memorandum Opinion and Order – Page 4**

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

A "corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

### C.        Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal."  *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended notice.  *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residency' are not synonymous."  *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient."  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state."  *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).  A national bank,

for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of

association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount

sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith.

28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.

1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it

is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional

amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th

Cir. 1995).  In a removal case, when the complaint does not state a specific amount of damages, the

defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds

the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253.  "The preponderance

burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to

recover more than what is pled.  The defendant must produce evidence that establishes that the actual

amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes

omitted).  The test to be used by the district court is "whether it is more likely than not that the

amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at

1253 n.13.  As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to

determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is

not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount

in controversy." *Id.* at 1253.  If a defendant fails to establish the requisite jurisdictional amount, the

court must remand the case to state court.  If a defendant establishes that the jurisdictional amount

has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his

recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d

378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of

establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St.*

*Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal

court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially

filed in federal court, the burden rests with the plaintiff to establish that the case "arises under"

federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional

threshold.

## III. Discussion

### A. Federal Question Jurisdiction

Plaintiff cites *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009), for the proposition that

a defendant cannot remove a case to federal court and circumvent jurisdiction of a state county court

in a simple forcible detainer proceeding or suit to evict brought under the Texas Property Code by

asserting a possible federal question in an answer and counterclaim. The court agrees.

The court in *Stump* reasoned, consistent with the authority cited herein by this court, that "a

federal court has original or removal jurisdiction only 'if the federal question appears on the face of

the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff

pleads only a state law cause of action.'" *Stump*, 322 F. App'x at 380 (quoting *MSOF Corp. v. Exxon*

*Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). The court went on to state, "It is not sufficient for the

federal question to be raised in the answer or in the petition for removal." *Stump*, 322 F. App'x at

380 (citing *MSOF Corp.*, 295 F.3d at 490).  Thus, although the plaintiff had raised potential federal question claims in her answer and counterclaim, the court stated that it could not consider these claims in determining whether federal question jurisdiction existed.  Rather, the court could only consider the state court complaint, which included only a simple claim for eviction under the Texas Property Code and provided no basis for federal question jurisdiction.  *Id.*  The *Stump* court therefore held that the district court lacked subject matter jurisdiction.

Like *Stump*, Plaintiff's Complaint for Forcible Detainer ("Complaint") filed in the state court action includes only a simple forcible detainer claim to evict Defendants from the property at issue, and the constitutional issue asserted by Defendants was raised for the first time in their Notice and Opposition to Motion to Remand.  Moreover, according to Defendants, it was their removal that gave rise to the alleged impropriety of the state court judgment that was entered three days after Defendants filed their Notice.  Thus, the alleged constitutional issue relied on by Defendants for federal question jurisdiction was not raised until they filed their Notice, and in essence is nothing more than a defense to the forcible detainer action and judgment entered against Defendants. As stated, a defense that raises a federal claim or issue is insufficient to confer jurisdiction on a district court.  *Thompson*, 478 U.S. at 808.  Accordingly, the Complaint provides no basis for federal question jurisdiction, and the federal constitutional issue raised in Defendants' Notice and Opposition to Motion to Remand cannot be considered by the court in determining whether removal was proper.  *Id.*  As no federal question exists, this court may not exercise subject matter jurisdiction over this action on the basis of a federal question.

**B.      Diversity Jurisdiction**

Although Plaintiff contends that the sole basis for removal is federal question jurisdiction, this is incorrect, as Defendants also contend that removal is proper because of diversity of citizenship.  Notice 2.  Accordingly, the court must address whether diversity jurisdiction exists.

The civil cover sheet for this case does state that Defendants are citizens of Texas.  The cover sheet, however, provides nothing regarding the citizenship of Plaintiff other than the conclusory statement that it is incorporated in and has its principal place of business in another state; and the court is unable to determine whether complete diversity exists between the parties.  With respect to the amount in controversy, neither the Complaint nor the Notice sets forth any allegations regarding the amount in controversy.  Further, there is no evidence in the record regarding the amount in controversy.  Because there are no allegations setting forth the amount in controversy or evidence in the record establishing the amount in controversy evidence, the court is unable to determine whether the jurisdictional threshold of $75,000 has been exceeded.  For these reasons, Defendants have failed to establish both requirements for a court to exercise diversity jurisdiction over this action.  Because Defendants have not met their burden in establishing diversity of citizenship and meeting the amount in controversy requirement, the court cannot exercise such jurisdiction. The court therefore determines that Defendants have failed to meet their burden of establishing subject matter jurisdiction, and that their failure to allege adequately the basis of diversity to meet the jurisdiction threshold amount mandates remand or dismissal of the action. *See Stafford*, 945 F.2d at 805.

### C. Timeliness of Removal

Although Plaintiff also contends that remand is appropriate because Defendants' removal of the case was untimely in that they did not remove within 30 days of receipt of Plaintiff's Complaint by Defendants, this issue is mooted by the court's determination that it lacks subject matter jurisdiction over the action. The court therefore declines to consider this argument.

## IV. Attorney's Fees and Costs

Plaintiff requests an award of attorney fees and costs incurred in conjunction with the motion to remand. When removal is determined to be improper, courts have discretion to award attorney's fees incurred in obtaining a remand. 28 U.S.C. § 1447(c). Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir. 2000). While this case should have not been removed, the court exercises its discretion to not award attorney's fees and costs to Plaintiff in light of Defendants' *pro se* status. The court believes that such decision is in the interest of justice. The court, however, warns Defendants that any further removal involving the detainer action at issue in Plaintiff's Complaint will result in the imposition of sanctions against them. These sanctions may include dismissal, monetary sanctions, and restrictions on their ability to file pleadings in this court.

## V. Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action. The court therefore **grants** Plaintiff's Motion to Remand and **denies** Plaintiff's request for attorney's fees and costs. Pursuant to 28 U.S.C. § 1447(c), the court, for lack of subject matter jurisdiction,

**remands** this action to County Court at Law No. 1, Ellis County, Texas, from which it was removed.

The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

      **It is so ordered** this 7th day of December, 2012.

 

 

Sam A. Lindsay
United States District Judge